**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **HATTIE DICKERSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 5:08-CV-392 (CAR)** |
| | : | |
| **UNITED STATES DEPARTMENT** | : | |
| **OF VETERAN AFFAIRS,** *et al.*, | : | |
| | : | |
| **Defendant.** | : | |

**ORDER REMOVING APPOINTED COUNSEL**

When this case was filed, Dickerson was proceeding <u>pro se</u>.  The Court held its standard discovery conference and immediately recognized the complexity of the issues presented both by this case and Dickerson's companion case, No. 5:08-CV-122.  In light of the factual and legal complexity presented by both cases, the Court appointed Frances Clay to act as counsel for Dickerson in both matters.  Ms. Clay admirably discharged that duty.  She conducted thorough discovery and motions practice, clarified the legal issues presented, and responded to Defendants' Motion for Summary Judgment in both cases.

In this case, the Court denied Defendants' Motion for Summary Judgment.  Through Ms. Clay's excellent efforts in responding to that motion, the issues for trial have been substantially narrowed and simplified.  At this point, the remaining issues are predominantly factual disputes over whether Defendants' actions were taken on account of Dickerson's race or protected activities, and Ms. Clay's has already identified the evidence relevant to those questions.  Given that Ms. Clay's efforts have addressed the Court's initial concerns regarding the complexity of the case and bearing in mind that the Court does not have unlimited funds to compensate Ms. Clay for further work on

the matter, the Court finds that court-appointed counsel for Dickerson is no longer required in this case. The Court notes that Dickerson has already resumed representing herself in her companion case, No. 5:08-CV-122 by filing a pro se Motion for Reconsideration of the Court's order granting summary judgment in that case. Thus, the Court terminates Frances Clay's appointment to this case.

At this point, Dickerson has several options regarding counsel. She may retain Ms. Clay under an agreement reached between Ms. Clay and Dickerson. She may retain other counsel. Or she may choose to represent herself. To be clear though, Ms. Clay's obligation to further represent Dickerson by way of court appointment in this case is concluded. The Court will **STAY** this case for sixty (60) days to allow Dickerson to attempt to find other counsel. If Dickerson secures counsel during that time, counsel should immediately enter its appearance on the record upon accepting the matter. If counsel requires an extension of time to adequately prepare for trial, the Court will entertain that request at that time.

SO ORDERED this 10th day of June, 2011.


S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT