IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HATTIE DICKERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:08-CV-392 (CAR) |
| UNITED STATES DEPARTMENT OF | : | |
| VETERANS AFFAIRS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is Plaintiff Hattie Dickerson's Brief [Doc. 63] regarding the validity of her breach of collective bargaining agreement claim against her former employer, the United States Department of Veterans Affairs.  Before dismissing this claim *sua sponte* at the pre-trial conference held on February 22, 2012, the Court gave Plaintiff an opportunity to file a brief on this issue.  After receiving Plaintiff's response, the issue is now ripe for consideration.

Plaintiff claims that she was discharged by Defendant without just cause in violation of the collective bargaining agreement, and that the Union breached its duty to fairly represent her and investigate her grievances.  The Union, the American

1

Federation of Government Employees, is not a party to this action.  Plaintiff cites <u>Vaca v. Sipes</u>, 386 U.S. 171 (1966), and <u>Reed v. United States Postal Service</u>, 288 F. App'x 638 (11th Cir. 2008) in support of her argument that she has a private cause of action against Defendant for its alleged unjust discharge in violation of the collective bargaining agreement.  After fully considering her arguments and the relevant law, the Court disagrees.

"It has long been established that an individual employee may bring suit against [her] employer for breach of a collective bargaining agreement."  <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 163 (1983).  If the union breaches its duty of fair representation by acting in a "discriminatory, dishonest, arbitrary, or perfunctory fashion," the employee may sue both the employer and the union.  <u>DelCostello</u>, 462 U.S. at 164 (citations omitted).  Since the employee is alleging a breach of a collective bargaining agreement, the suit against the employer rests on § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  <u>DelCostello</u>, 462 U.S. at 165; <u>Vaca</u>, 386 U.S. at 914 (holding, in part, that a wrongfully discharged employee may bring an action against employer under § 301 provided employee can prove that the union breached its duty of fair representation).

2

However, § 301 only governs judicial enforcement of private collective bargaining agreements, not agreements within the public sector.  Agreements in the public sector are exclusively governed by the Civil Service Reform Act ("CSRA").  This distinction is particularly important because the CSRA does not confer federal employees a private cause of action against a breach by an employer because the CSRA "has no equivalent" to § 301 of the LMRA, which allows the private cause of action against employers for breach of a private collective bargaining agreement. Karahalios v. Nat'l Fed'n of Federal Employees, Local 1263, 489 U.S. 527, 535-36; Warren v. Local 1759, Am. Fed'n of Gov't Employees, 764 F.2d 1395 (11th Cir. 1985).

Here, Plaintiff asserts a private cause of action against a federal agency for breach of a collective bargaining agreement.  However, Plaintiff's claim is based on a collective bargaining agreement in the federal sector and is therefore explicitly governed by the CSRA.  Because Congress has purposefully omitted the authority for DelCostello-type suits in the public sector, the Court lacks jurisdiction to entertain Plaintiff's breach of a collective bargaining claim against Defendant.[1]

_____

[1] Plaintiff cites to Reed v. United States Postal Service, 288 F. App'x 638, 640 (11th Cir. 2008), an unpublished Eleventh Circuit case, for the legal proposition that a federal employee may bring suit against both the employer and the union for breach of the collective bargaining agreement and breach of the duty of fair representation

Accordingly, because the CSRA does not grant the Court jurisdiction to hear Plaintiff's breach of collective bargaining agreement claim against Defendant, the Court concludes that it is without jurisdiction to entertain Plaintiff's claim. Plaintiff's breach of collective bargaining claim against Defendant is **DISMISSED**.

**SO ORDERED,** this  8th day of March, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

under the LMRA.  However, in <u>Reed</u> the court did not address the merits of the employee's claim, but discussed only the issue of whether the federal employee's § 301 claim was timely.  <u>Id.</u> at 641.  The Court therefore finds <u>Reed</u> to be unpersuasive on this matter, and defers to the mandatory Supreme Court authority in <u>Karahalios</u> as it is directly on point.