IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HATTIE DICKERSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. 5:08-CV-392 (CAR) |
| UNITED STATES DEPARTMENT OF : | |
| VETERANS AFFAIRS, : | |
| : | |
| Defendant. : | |
| _____ : | |

**ORDER ON PLAINTIFF'S MOTION FOR NEW TRIAL**

Before the Court is Plaintiff Hattie Dickerson's Motion for New Trial [Doc. 76]. After carefully considering the parties' filings, the applicable law, and the trial testimony and evidence in this case, Plaintiff's Motion for a New Trial [Doc. 76] is **DENIED**.

Plaintiff Hattie Dickerson, a former federal employee at the Carl Vinson Veterans Affairs Medical Center, filed the instant action against the United States Department of Veterans Affairs alleging a breach of contract claim arising under a collective bargaining agreement ("CBA") between the Government and the union, and race and national origin discrimination, hostile work environment, and retaliation

1

claims, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

At the pretrial conference, the Court questioned the basis for Plaintiff's CBA claim *sua sponte* and allowed Plaintiff fourteen days to brief the validity of her claim. On March 8, 2012, after Plaintiff had filed her response, the Court concluded that the Civil Service Reform Act did not confer a private cause of action for breach of CBA claims on federal employees and accordingly dismissed her claim. [Doc. 64]. Subsequently, Plaintiff's Title VII claims were tried before a jury from March 12, 2012, to March 14, 2012.

At trial Plaintiff did not prevail on her Title VII claims. In the special interrogatory submitted by the jury, the jury found that Plaintiff did not prove any element of her Title VII claims. Consistent with the jury's verdict, the Court entered Judgment in favor of the Government on March 15, 2012. Following the trial, Plaintiff timely filed the instant Motion for New Trial.

Rule 59 of the Federal Rules of Civil Procedure governs motions for new trial and generally provides that a new trial may be granted "on all or some of the issues—and to any party—… after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). The

2

Eleventh Circuit has specifically instructed that a motion for new trial should be granted when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotations and citations omitted). Additionally, "[b]ecause it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." Id.; Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1559 (11th Cir. 1984) ("The trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow," and is limited to "protect[ing] against manifest injustice in the jury's verdict.").

Here, Plaintiff asserts several reasons for granting a new trial: 1) the Court failed to charge the jury on her CBA claim; 2) the judgment is inconsistent with and contrary to the evidence and principles of justice and equity; 3) the judgment is decidedly and strongly against the weight of the evidence; and 4) the Government's witnesses testified falsely. This is, however, the totality of her Brief.[1] Nowhere in her

---

[1] Plaintiff elected to not file a Reply brief in opposition to the Government's response.

Motion does she set out the legal standard for a new trial under Rule 59(a), or offer any legal or factual arguments in support of her Motion. Without more, the Court cannot conclude that a new trial is warranted. See Warren v. Cnty. Com'n of Lawrence Cnty, Ala., 826 F. Supp. 2d 1299, 1304-05 (N.D. Ala. 2011) (denying motion for new trial because movant failed to include supporting factual and legal basis).

Disregarding that the Court's dismissal of her CBA claim renders her first assertion moot, Plaintiff nevertheless fails to argue, and nothing in the trial record indicates, that the verdict is against the clear weight of the evidence or that the verdict will result in a miscarriage of justice. Her conclusory legal allegations are insufficient to meet the heavy burden that accompanies this Motion. Moreover, Plaintiff also fails to identify *any* supporting facts, including, for example, even at the most basic level, which of the Government's witnesses testified falsely and what matters they allegedly testified falsely about. Because Plaintiff has not offered any factual or legal basis upon which the Court could conclude that the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, Plaintiff's Motion for New Trial [Doc. 74] is **DENIED**.

**SO ORDERED,** this 11th day of June, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH