IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HATTIE A. DICKERSON, : | |
| : | |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | No. 5:08-CV-392 (CAR) |
| DEPARTMENT OF VETERANS : | |
| AFFAIRS, : | |
| : | |
|     Defendant. : | |
| _____ : | |

**ORDER ON MOTION TO APPEAL IN FORMA PAUPERIS**

Before the Court is Plaintiff Hattie A. Dickerson's *pro se* Motion to Proceed *in forma pauperis* ("IFP") on Appeal [Doc. 79] of this Court's Order of June 11, 2012, in which Plaintiff's motion for new trial was denied.[1]

On March 14, 2012, a jury determined that Plaintiff had failed to prove her race and national origin discrimination, retaliation, and hostile work environment claims, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). On March 15, the Court entered Judgment in favor of the Government. Plaintiff subsequently filed a motion for new trial in which she generally listed the following reasons in support: 1) the Court failed to charge the jury

---

[1] Plaintiff, who was represented by counsel before and during her trial, has represented to the Court that she is proceeding *pro se* on her appeal.

1

on her collective bargaining agreement claim; 2) the judgment is inconsistent with and contrary to the evidence and principles of justice and equity; 3) the judgment is decidedly and strongly against the weight of the evidence; and 4) the Government's witnesses testified falsely.  The Court denied her motion and concluded that Plaintiff failed to offer any factual or legal basis entitling her to a new trial. [Doc. 77].

On July 2, 2012, Plaintiff filed a "Notice of Appeal" representing that her attorney will not be participating in the appeal of the instant action.  [Doc. 78]. Plaintiff additionally filed the instant Motion, in which she submits an affidavit testifying to her indigent financial status.  [Doc. 79].

## LEGAL STANDARD

Motions to proceed IFP on appeal are governed by 28 U.S.C. § 1915(a) and Federal Rule of Appellate Procedure 24.  Section 1915(a) provides that

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).  The statute forbids a plaintiff to proceed IFP "if the trial court certifies in writing that [the action] is not taken in good faith." 28 U.S.C. § 1915(a)(3).

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."  Martinez v. Kristi Kleaners, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

2

Similarly, Federal Rule of Appellate Procedure 24 provides:

(1) … [A] party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
(A) shows … the party's inability to pay or to give security for fees and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

Fed. R. App. Proc. 24(a). Two requirements therefore must be satisfied for a party to appeal IFP. First, the party must show an inability to pay. Second, the appeal must be brought in good faith. Here, with respect to the first prong, the Court concludes that Plaintiff has demonstrated her inability to pay the filing fee required for an appeal.

The Court next considers the "good faith" requirement. A statement of issues enables the court to determine whether the appeal would be frivolous or not taken in good faith. Martin v. Gulf States Util. Co., 221 F. Supp. 757, 760 (D.C. La. 1963). An appeal, however, may not be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd. 896 F.2d 558 (11th Cir. 1990). An IFP action is frivolous, and thus not brought in good faith, if it is

"without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Ala. Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

Here, Plaintiff has failed to point to any particular issue that she wishes to raise on appeal. Because Plaintiff's Motion to Appeal IFP is timely only with respect to Plaintiff's motion for new trial, the Court has reviewed its Order denying Plaintiff's motion. Nevertheless, the Court is unable to parse out a single arguable basis for appeal. Plaintiff's motion for new trial was denied because she failed to allege any legal or factual basis from which to support a basis for a new trial under Rule 59. Accordingly, because Plaintiff has failed to establish that her appeal is taken in good faith, Plaintiff's Motion to Proceed IFP on Appeal [Doc. 79] is **DENIED**.

**SO ORDERED,** this 17th day of Julu, 2012.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

LMH